Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00886-CV

Maurice **AMIDEI** and Sierra Land & Minerals, Inc.,
Appellants

v.

**PRESTO TIERRA, LTD.**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-05246
Honorable Janet Littlejohn, Judge Presiding[1]

Opinion by:    Catherine Stone, Justice

Sitting:       Alma L. López, Chief Justice
               Catherine Stone, Justice
               Sandee Bryan Marion, Justice

Delivered and Filed:   October 29, 2008

AFFIRMED

Appellants, Maurice Amidei and Sierra Land & Minerals, Inc., contend the trial court erred in granting Presto Tierra, Ltd.'s plea to the jurisdiction. Because the issues in this appeal involve the application of well-settled principles of law, we affirm the judgment of the trial court in this memorandum opinion under Texas Rule of Appellate Procedure 47.4.

---

[1] Sitting for the Honorable Barbara Nellermoe.

Amidei and Sierra argue the trial court erred in dismissing their suit for lack of subject matter jurisdiction because a "justiciable controversy" existed as to the rights and status of the parties to 37.419 acres of real property (the "Property") located in Bexar County, Texas. A declaratory judgment is proper only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). "'To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interest and not merely a theoretical dispute.'" *Id.* (citations omitted).

From the allegations in Amidei and Sierra's petition and the evidence received regarding jurisdiction, we cannot conclude there was a real and substantial controversy between the parties regarding the Property. At the time the underlying suit was filed, Amidei and Sierra were concerned that Presto could interfere with their right to engage in oil and gas operations on the Property. Specifically, Amidei and Sierra were concerned that Presto could possibly decide to donate its interest in the Property to a governmental entity or have the Texas Railroad Commission issue a ruling limiting their area of operation on the Property. It is clear from the petition and the jurisdictional evidence, however, that Presto had neither made arrangements to donate its interest in the Property to any governmental entity nor sought any type of relief from the Texas Railroad Commission at the time Amidei and Sierra filed their suit. Thus, it appears that Amidei and Sierra's suit was based upon nothing more than a theoretical dispute concerning the Property as opposed to a real and substantial controversy between the parties. Because Amidei and Sierra's suit was based upon a theoretical dispute, we conclude the trial court properly determined that it lacked subject matter jurisdiction over the underlying matter. *See OHBA Corp. v. City of Carrollton*, 203 S.W.3d

1, 6 (Tex. App.—Dallas 2006, pet. denied).  We therefore hold the trial court did not err in granting

Presto's plea to the jurisdiction.

 The judgment of the trial court is affirmed.[2]


        Catherine Stone, Justice

---

[2] In their brief, Amidei and Sierra rely on matters outside the appellate record in making their arguments to this court.  It is improper for parties to rely on matters outside the record in making arguments to the court.  *Carlton v. Trinity Universal Ins. Co.*, 32 S.W.3d 454, 458 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (stating parties cannot rely on matters outside the record in making arguments to the appellate court).